[No. 2,311.]

## THOMAS J. CRANMER *v.* JAMES PORTER AND MARY A. PORTER, HIS WIFE.

DESTRUCTION OR CANCELLATION OF DEED.—The destruction or cancellation of a deed, after it has been delivered, does not revest the title in the grantor, even if destroyed or canceled with the consent of all the parties for the express purpose of restoring the title to the grantor. The title cannot be restored to the grantor otherwise than by a reconveyance in writing.

DEFENSE IN EJECTMENT.—If the plaintiff in ejectment relies on a paper title, the defendant may show the true title to be outstanding in a third person, without connecting himself with it.

NEW TRIAL ON NEWLY DISCOVERED EVIDENCE.—If the plaintiff in eject- ment relies on a paper title, and recovers judgment, and after the trial the defendant discovers that prior to the commencement of the action the plain- tiff had conveyed the title to a third person, a new trial should be granted.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiff, on the trial, introduced a deed of the de- manded premises from the defendants to Elizabeth Osborn, their sister, dated December 15th, 1863, giving, granting, and conveying the premises to said Elizabeth, in considera- tion of love and affection. The *habendum* clause of the deed was as follows:

" To have and to hold all and singular the above men- tioned and described premises, together with the appurte- nances, unto the said Elizabeth Osborn, during the term of her natural life as aforesaid, for her own personal, separate, and independent use and behoof; and at her decease the said premises are to revert back to the said Mary A. Porter, who was the lawful and separate owner thereof at the time of the writing of these presents, or to her heirs or assigns."

The plaintiff then introduced a deed of the premises from said Elizabeth to himself, dated November 18th, 1867.

The plaintiff was sworn as a witness on his own behalf, and, on cross examination, testified as follows:

" In the latter part of January, 1868 (January 27th), I sold the premises in controversy to Mrs. Julia Scheo for five hundred and fifty dollars, made and acknowledged a con- veyance to her; did not deliver it to her; received no money. A man by the name of Mackin or MacMackin negotiated the sale for me. I never received Mrs. Scheo's promissory note for five hundred dollars, as part of the pur-

chase money. Both deed and note remained in my said agent's hands, Mackin, with instructions not to exchange them unless the money was paid. He afterward gave me back the deed, and I destroyed it. I do not know Mackin's Christian name or where he lives. Did not deliver the possession of the premises to Mrs. Scheo."

The defendants contended on the trial that the deed to said Elizabeth only had the effect of giving her the use of the premises during her life, for a home, and that she had no interest which she could convey. The case was tried December 2d, 1868. The defendants, on motion for new trial, presented the affidavits of defendant Mary A. Porter, L. Mackin, and others, showing that the plaintiff made and delivered a deed of the premises to Julia Scheo and received a part of the purchase money and her promissory note for the balance, to wit: five hundred dollars, and that Mackin did not act as the plaintiff's agent in making the sale, and that the deed was dated January 27th, 1868. This action was commenced March 11th, 1868. The affidavit of Mackin stated that about the 1st of March, 1868, the plaintiff requested him to ascertain if Mrs. Scheo had put her deed on record, and if she had not, to induce her to give up the deed to plaintiff; and he would give up her note, and that Mackin declined. The affidavit of Catherine Turner showed that she accomplished for plaintiff what he had requested Mackin to do. The affidavit of Mrs. Scheo was not obtained, but it was shown that she was dangerously ill. The Court below denied a new trial.

The other facts are stated in the opinion.

*Wm. P. Daingerfield* and *Warren Olney*, for Appellants.

It is an elementary doctrine, that the surrender of a deed, and its destruction, do not revest the title in the grantor. In ejectment, the plaintiff must recover on the strength of

his own title, and if he has none, of course he cannot recover. It is not necessary for the defendant to connect himself with an outstanding title, to defeat the plaintiff's recovery. (*Bird* v. *Lisbros*, 9 Cal. 6; *Moore* v. *Tice*, 22 Cal. 513; *Dyson* v. *Bradshaw*, 23 Cal. 528; *Welch* v. *Sullivan*, 8 Cal. 165; *Simson* v. *Eckstein*, 22 Cal. 580.)

*Henry J. Howe*, for Respondent.

The defendants having called out, on cross-examination of Cranmer, the new matter, are bound by it. The newly discovered evidence could not be introduced on a new trial. (*Carleton* v. *Townsend*, 28 Cal. 219.)

By the Court, CROCKETT, J.:

The action is ejectment, and at the trial the plaintiff relied upon a paper title, which was put in evidence. Judgment was rendered for the plaintiff, and the defendant moved for a new trial, partly on the ground of newly discovered evidence, to the effect that prior to the commencement of the action the plaintiff had sold, and by a deed in due form, properly acknowledged, certified, and delivered, had conveyed the premises in controversy to another person, and at the time of the conveyance had received a portion of the purchase money, and had taken the promissory note of the purchaser for the remainder; that the purchaser retained the deed for about one month, when it was verbally agreed to cancel the contract of sale; and thereupon the plaintiff surrendered the promissory note, and the purchaser returned the deed to the plaintiff to be canceled; but no reconveyance was made by the purchaser. These facts are fully and satisfactorily established by affidavit, read in support of the motion, and clearly show that the legal title to the premises was not in the plaintiff at the commencement of the action.

By his deed he had divested himself of whatever title or right of possession he previously had; and it is a familiar rule of law that the destruction or cancellation of a deed, after delivery, even though it be done with the consent of all the parties to it, and for the express purpose of restoring the title to the grantor, cannot work that result. The title had vested in the grantee, and could not be divested by a parol agreement, nor otherwise than by a reconveyance in writing. If the facts stated in the affidavits be true, the plaintiff, at the commencement of the action, had not either the legal title or the right of possession, and therefore could not maintain ejectment, even as against an intruder, without title. It is equally clear that when a plaintiff in eject-ment relies upon a paper title the defendant may show the true title to be outstanding in a third person without connecting himself with it. It will be a sufficient defense, in such a case, that the title is not in the plaintiff. This rule of law is too familiar to require the citation of authorities. The newly discovered evidence was, therefore, material and competent, and I think the affidavits disclose sufficient diligence on the part of the defendants to bring them within the rule on that subject. The motion for a new trial ought to have been granted on this ground. We deem it unnecessary, on this appeal, to express any opinion as to the proper construction of the deed from the defendant to Mrs. Osborn, or whether the Court ought to have reformed it on the proofs and pleadings in the case.

Judgment reversed and cause remanded for a new trial.