Okey, J.
At the conclusion of the plaintiff’s testimony, the court dismissed the action. The question is, therefore, whether the plaintiff' had presented a case which, prima facie, entitled her to the relief demanded.
The character of the conveyance, being in the nature of a settlement, is such as the law will sustain. Crooks v. Crooks, 34 Ohio St. 610; Dale v. Lincoln, 62 Ill. 22. And it could make no difference, even as to creditors, much less as to the defendant Nancy, that Dukes was indebted, when the conveyance was made, in sums amounting, in the aggregate, perhaps, to $10,000 ; for the property retained was, at the time, “ clearly and beyond doubt sufficient to pay all the donor’s debts.” Crumbaugh v. Kugler, 2 Ohio St. 373 ; Evans v. Lewis, 30 Ohio St. 11.
The objection to the parol evidence of the contents of the deeds on any other ground than.that of estoppel,-which will be presently considered, was not tenable. The proof, on this point, was not only satisfactory, but there was no violation of the statute of frauds in admitting it. Rev. Stat., § 4198; Blackburn v. Blackburn, 8 Ohio, 81.
Nor is there any doubt as to the admissibility of the declarations of the grantor, made subsequently to the aeknowl *125 edgment of the deed, for the purpose of showing their delivery and the circumstances under which the instruments were destroyed. Tipton v. Ross, 10 Ohio, 273.
We come, then, to consider whether the deed to the trustee was delivered. That a deed is invalid until delivered, is doubted by no one; but an absolute delivery may be made by words and acts, or either, and no particular form is essential, though intent to vest in the grantee the custody of the instrument, no less than the estate, is essential. Rev. Stat., § 4106, note.
Here it appeal’s that Dukes had a fixed purpose to make the conveyance ; he had. consulted an attorney as to the form in which the title should be transferred to his wife; he sent for the justice of the peace to prepare the deeds and take the acknowledgments ; he was in consultation with the officer an hour or more; the deeds were prepared in accordance with his directions; he signed the deed to the trustee while in bed; it was carried by the officer into another room, and signed and acknowledged by the • plaintiff; and then, in full view of Dukes, and while standing in such situation as that he saw or could have seen the act, the justice of the peace handed to Wood both deeds, then perfect in form, and immediately thereafter Wood handed them to the plaintiff’. Not only was no objection made by Dukes, but he recognized the validity of the delivery in a number of subsequent conversations. Indeed, his whole conduct before and at the time he signed the deed, and subsequently, is inconsistent with any other theory than that he intended, when he signed the deed and passed it into the hands of the justice of the peace, to deliver it to the trustee, to the end that the plaintiff should then and there be invested with the title to the premises, and full and final custody of the deeds. Moreover, the plaintiff' retained the deeds, from the time of their execution until the larger part of a year had elapsed, and that, too, with the knowledge and assent of Dukes.
As Dukes intentionally parted with all dominion over the deed to the trustee, with intent that the title, and *126 the custody of the instrument, should then pass to the trustee, and from him to the plaintiff, who at the time accepted the conveyance, a sufficient delivery is shown by what then occurred; for, in a deed of this character, “the assent of the mind of the grantor that the grantee have the deed, is the great inquiry; and evidence of that, if existing, controls the question of delivery.” Brown v. Brown, 1 Wood. & M. 325, 332; Methodist Church v. Jaques, 1 Johns. Ch. 450; s. c., 17 Johns. 548.
Besides, “ a delivery may he made good by a subsequent assent, though originally invalid for want of it, upon the principle, Omnis ratihabitio mandato azquiparatur.” 3 Wash. R. Prop. (4 ed.) 288.
We are of opinion, therefore, that upon the evidence submitted to the district court, the delivery was, prima facie, complete.
The remaining question is as to the destruction of the deeds. The general rule undoubtedly is, that when the instrument conveying an estate -has taken effect, its destrue-, tion by the parties will be ineffectual, even if they intended thereby to revest the estate in the grantor. Raynor v. Wilson, 6 Hill (N. Y.), 469, note; Cranmer v. Porter, 41 Cal. 462; Kimball v. Greig, 47 Ala. 230; 2 Wait’s Act. & Def. 509. Our own cases support the same view. Starr v. Starr, 1 Ohio, 321; Baldwin v. Bank of Massillon, 1 Ohio St. 141. But it has been held, in a large number of cases, that a grantee, who has thus voluntarily consented to the destruction of his deed, shall not have affirmative relief under it. Raynor v. Wilson, note, supra; 2 Wait’s Act. & Def. 510; 3 Wash. R. Prop. (4 ed.) 305. The ground of these decisions, at least the only tenable ground, is, not that the estate revests, but that the grantee is estopped. Farrar v. Farrar, 4 N. H. 191; Trull v. Skinner, 17 Pick. 213.
Under some circumstances, no doubt, we would feel called upon to give effect to such estoppel; but it is unnecessary to say whether we would do so on the facts ap *127 pearing in any of the cases to which we have been referred. We do not think this is a case for the application of the doctrine. The consent of the grantee to the destruction of the deeds was given reluctantly — simply because her husband desired it. “ She hesitated some time,” says the witness— “ it seems to me some two minutes — and spoke hestatingly, and so low that I could scarcely hear her, ‘ I suppose so, if it is his wish.’” And the request of the husband was induced by the importunity and threats of his relatives, some of whom were his creditors. Subsequently, he regretted that he had made such request, and stated that “ he still intended she should have the land.” Moreover, the property conveyed appears to have been no more than a reasonable provision for the wife, and Dukes died without making any other disposition of the land, so that the rights of no person who stands in the relation of purchaser have intervened.
We are aware that, under some circumstances, a married woman may be estopped. Thus, where she joins her husband in executing a deed of general warranty, she is es-topped by her covenant from setting up a subsequently acquired title. Hill v. West, 8 Ohio, 222; Knight v. Thayer, 125 Mass. 25. So, she may be estopped, in some cases, where her conduct would otherwise directly operate as a manifest fraud. Meiley v. Butler, 26 Ohio St. 535. It is also true, that with respect to her separate property, whether real or personal, she will, in general, be regarded in a court of equity as a feme sole. Hardy v. Van Harlingen, 7 Ohio St. 208. But, with respect to her real estate, the general rule certainly is, that she can only divest her-, self of title in the mode pointed out by statute. Todd v. Pittsburgh, etc., R. Co., 19 Ohio St. 514; Rice v. Railroad Co., 32 Ohio St. 380; Murdock v. Lantz, 34 Ohio St. 589.
In holding that the act of the plaintiff, a feme covert, in consenting to the destruction of the deeds, can not operate against her as an estoppel in pais, we are fully sustained by Wilson v. Hill, 2 Beasley’s Ch. 143, a case decided by a court which sustains an estoppel of the same character as *128 between persons not under disability. Faulks v. Burns, 1 Green’s Ch. 250.
"We have not found it necessary to express any opinion upon the question whether "Wood, the trustee, consented to the destruction of the deeds. The record simply discloses the fact that he was present at the destruction. It is sufficient to say that the consent, if given, was, for the reasons already stated, wholly ineffectual.
As the case was decided by the district court without hearing the testimony of the defendants in support of their defense, and in answer to the testimony offered by the plaintiff, no final judgment in the action can be rendered; but the judgment will be reversed, and the cause remanded for a new trial.

J udgment reversed.