[No. 13302.   In Bank. — September 12, 1890.]

## CATHERINE McGRATH, Respondent, v. MARY A. WALLACE et al., Appellants.

Statute of Limitations — Adverse Possession — Interruption — Ejectment of Tenant — Payment of Taxes — Prescription. — The adverse possession of one claiming title to land by prescription must be continuous for the full period of limitation, and a suit for possession of the land by a grantee of the former owner against the tenant of the adverse claimant, culminating in a judgment of possession in favor of such grantee, and the execution of the same within the period of limitation, constitute in law such an interruption of the possession of the adverse claimant as to prevent the acquisition of title by prescription; and the fact that such claimant paid taxes upon the land during the interruption of the possession will not make the title complete.

Quieting Title — Pleading — Averment of Title — Evidence — Prior Possession — Outstanding Title. — A complaint to quiet title, counting upon title alone, is not supported by evidence of prior possession insufficient to make title under the statute of limitations. The plaintiff in such a case must stand upon title, and this may be defeated by the defendant in possession showing an outstanding title in a third person, without connecting himself with it.

Trial — Opening Case for Further Evidence — Discretion. — The granting of a motion for leave to open a case before the final decision, and to introduce a deed in evidence which had been inadvertently omitted, is a matter resting in the discretion of the trial court, and its ruling will not be disturbed on appeal, unless there is a clear abuse of discretion.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*F. D. Ryan*, and *R. B. Wallace*, for Appellants.

Adverse possession must be continuous. (*City of San José* v. *Trimble*, 41 Cal. 536.) The bringing of an action of ejectment and a recovery therein, accompanied by an entry, breaks the continuity of possession. (Wood on Limitation, sec. 270, citing cases in note 5; *Groft* v. *Weakland*, 34 Pa. St. 304.) It was incumbent on plaintiff to have shown a compliance with the proviso of section 325, Code of Civil Procedure, or that no taxes had been assessed. (*Reynolds* v. *Willard*, 80 Cal. 605.) The court below abused its discretion in refusing to allow the deed from Le Roy to defendant Wallace to be introduced in evidence. (*Doyle* v. *Sturla*, 38 Cal. 456; *Berry* v. *Metzler*, 7 Cal. 418; *Mowry* v. *Starbuck*, 4 Cal. 274; *Lisman* v. *Early*, 15 Cal. 199; *Roland* v. *Kreyenhagen*, 18 Cal. 457; *Dougherty* v. *Nevada Bank*, 68 Cal. 277.) The finding of prior possession is insufficient under the pleadings and outside of the issues in the case. (*Knight* v. *Roche*, 56 Cal. 16.) Strict title was therefore in issue in this case. Plaintiff must recover upon the strength of her own title. (*Bradley* v. *Lee*, 38 Cal. 370.) Title being relied on by plaintiff, proof of outstanding title defeats plaintiff's recovery. (*Willson* v. *Cleaveland*, 30 Cal. 200.)

*E. M. Martin*, and *Clinton L. White*, for Respondent.

Defendants showed nothing further than that they were trespassers without color of right, and therefore it was wholly immaterial whether or not plaintiff had paid the taxes. (*Pearson* v. *Creed*, 78 Cal. 144.) No question of outstanding title can be made in an action of ejectment where the plaintiff relies upon prior possession and color of title, and defendant fails to connect himself in

any manner with such outstanding title. (*Bird* v. *Lisbros*, 9 Cal. 1; 70 Am. Dec. 617; *Bequette* v. *Caulfield*, 4 Cal. 278; 60 Am. Dec. 615; *Sunol* v. *Hepburn*, 1 Cal. 255; *Piercy* v. *Sabin*, 10 Cal. 22; 70 Am. Dec. 692; *Hubbard* v. *Barry*, 21 Cal. 321; *Carleton* v. *Townsend*, 28 Cal. 219; *Southmayd* v. *Henley*, 45 Cal. 101; *Fletcher* v. *Mower*, 56 Cal. 421.) The court did not err in refusing to set aside the submission of the case to permit the introduction of further evidence. (*Patterson* v. *Ely*, 19 Cal. 35; *Sampson* v. *Ohleyer*, 22 Cal. 200; *Schellhous* v. *Ball*, 29 Cal. 608.)

Fox, J.—The action is to quiet title, accompanied with a prayer for possession, the complaint alleging that defendants are in possession, claiming an interest in the property, but without right. Judgment for plaintiff, from which, and an order denying a motion for new trial, defendants appeal. Defendant Mary A. Wallace became the owner of the property in fee, April 23, 1862. In 1865 the property became delinquent for taxes. Suit was brought under the statute then in force for the recovery thereof, resulting in a judgment and order of sale. At the sale Eli Mayo became the purchaser. The court finds that these proceedings were insufficient to divest the title of Mary A. Wallace. But under these proceedings, and a writ of assistance issued therein, Mayo was put into possession in August, 1865, and "from that time until March, 1878 (except for a short space of time during the latter part of 1875 and the first of 1876, when John H. Reeves had possession of the front portion of said property), said Eli Mayo had the open, notorious, actual, continuous, and exclusive possession and use of said property, claiming to own it as against the whole world. On March 28, 1878, Mayo conveyed the property to plaintiff, who entered into possession thereof, and continued in the open, notorious, actual, continuous, and exclusive possession and use thereof, claiming to own the same, until about January,

1883, when the defendants ousted her." This quotation is from the findings. This action was commenced in August, 1883.

Even if it be true, as matter of law, that the proceedings culminating in the sale for taxes in 1865 were insufficient in law to divest the title of the defendant Wallace, they did culminate in a judgment and decree of court, ordering a sale of the property, followed by a sale, a failure to redeem, and in due time a sheriff's deed and a writ of assistance, under which the purchaser was put into possession. He entered under color of title, claiming to be the owner, and his subsequent continuous possession, of the character found by the court, was sufficient to give him perfect title, unless there was some other fact the existence of which defeated the running of the statute of limitations in his favor. The court finds that Mary Wallace was, and continued to be, a minor until May 2, 1875. The statute therefore did not commence to run in favor of Mayo until that time, but it did commence to run in favor of himself and his grantee at that time, and nearly eight years elapsed after that before the possession thus acquired, claimed, and held was interrupted by the defendants, as appears from the finding. But this finding is attacked on the ground that it is not supported by the evidence. In addition to what is already quoted, the findings further show that on May 6, 1876, Mary A. Wallace conveyed the property to Theodore Le Roy, who began an action against John H. Reeves, as defendant, in the circuit court of the United States, for the possession of said lot. According to the preceding finding, Reeves was then in possession of the front part of the lot. This suit terminated in a judgment in favor of plaintiff therein, August 9, 1878. The court finds that "in 1879 the marshal went through the form of executing this judgment, but the proceedings taken were not sufficient to constitute a change of

possession of the property, nor was the plaintiff's possession of the property disturbed thereby."

The evidence bearing upon the question consists of that of Eli Mayo, plaintiff's grantor, who showed possession from 1865 to 1876, and tax receipts for that period. He says: "In 1875 I moved a house onto the lot, and gave possession to Reeves. He never had possession of the whole lot; never of the rear of it." He also says that he paid some of the taxes after 1876, but does not say that he paid them all, or for what years, or produce receipts therefor. Mrs. Reeves testifies that she and her husband lived on the lot a few months, and at that time Mr. Harnett had houses on the rear portion of the lot, and there was a cross-fence between them. The evidence also shows the introduction of the judgment roll in *Le Roy* v. *Reeves*, showing service of summons on Reeves May 18, 1876, which record is followed by uncontradicted evidence that when the marshal went to put the plaintiff in possession under the judgment the lot was fenced, but otherwise vacant, and the marshal .put plaintiff's agent in possession of the lot. This suit, judgment, and the execution of the same constituted in law such an interruption of the possession of plaintiff as prevented her from acquiring title by prescription, under the statute of limitations. The possession must have been continuous. (*San José* v. *Trimble*, 41 Cal. 536.) Even if she had paid the taxes during all that period, that alone, in view of this interruption of possession, would not have given her title. The finding is therefore not supported by the evidence, and as she had no paper title, but relied, and must rely, upon the statute of limitations for title upon which to recover, the judgment and order appealed from must be reversed, and the case remanded for new trial.

A complaint *quia timet*, counting upon title alone, as this one does, is not supported by evidence of prior possession insufficient to make title under the statute of

limitations. Plaintiff in such a case must stand upon title, and this may be defeated by the defendant in possession showing an outstanding title in a third person, without connecting himself with it. (*Cranmer v. Porter*, 41 Cal. 466.) This rule applies to all the parties; but on the trial, before the final decision of the case, but some time after the submission thereof to the judge for decision, the defendant Wallace applied to the court, upon notice, for leave to open the case, and allow her to supply an omission which it was claimed had been inadvertently made at the trial, and introduce a deed from Le Roy to herself of the property, thus bringing the record title back to herself, and which deed was made before the commencement of this action. The court, in the exercise of its discretion, denied the motion, and this is claimed to have been error. The granting of the motion was a matter resting in the discretion of the trial court, and its ruling would not be disturbed in this court unless there was a clear abuse of discretion. As the case must be reversed on other grounds, and the omission is not likely to occur a second time, it is not necessary to determine whether there was an abuse of discretion or not. We do not deem it necessary to discuss other points made in the briefs of counsel.

Judgment and order reversed.

PATERSON, J., THORNTON, J., and SHARPSTEIN, J., concurred.

WORKS, J., concurring.—I concur in the judgment on the following grounds, stated in an opinion prepared in this cause by Mr. Commissioner Hayne:—

" The trial court gave judgment for the plaintiff, and the defendants appeal. The complaint was probably intended as a complaint in a suit to quiet title, and is sufficient as such. It may also be assumed for the purposes of this opinion to be sufficient as a complaint in

ejectment upon title. We shall consider these different aspects of the case separately.

"1. The judgment cannot be sustained as a judgment in ejectment upon title.

"(*a*) It is clear that the plaintiff had no paper title. The findings show that 'on April 23, 1862, the defendant Mary A. Wallace became the owner in fee-simple, by means of a proper conveyance to her, of the property in controversy'; 'and that the property was sold for taxes in 1865 to one Mayo, to whom a deed was made.' But it is further found that 'the proceedings culminating in the execution and delivery of said deed to Eli Mayo were not sufficient to vest title in him or to divest the title of the defendant Mary A. Wallace.' This left the paper title in Mary A. Wallace, who retained it until 1876, when she conveyed it to one Le Roy, in whom, so far as the record shows, it is still outstanding.

"(*b*) The plaintiff did not show a title by adverse possession. The findings show that in August, 1865, Mayo was put in possession of the property under a writ of assistance, and that 'from that time until March, 1878 (except for a short space of time during the latter part of 1875 and the first of 1876, when John H. Reeves had possession of the front portion of said property), said Eli Mayo had the open, notorious, actual, continuous, and exclusive possession and use of said property, claiming to own it as against the whole world. On March 28, 1878, Mayo conveyed the property to the plaintiff, who entered into possession thereof, and continued in the open, notorious, actual, continuous, and exclusive possession and use thereof, claiming to own the same until about January 9, 1883, when the defendants ousted her.' If the foregoing were the only facts in relation to the matter, there could be no doubt that the plaintiff had acquired a title by adverse possession, upon which she could maintain either an action of ejectment or an action to quiet title. The foregoing, however, are not the only

facts in relation to the matter. The findings show that 'the defendant Mary A. Wallace was a minor until May 2, 1875.' The plaintiff's possession before that date, therefore, does not count. And in April, 1878, a statute was passed requiring the payment of all taxes 'which have been levied or assessed' as a condition of adverse possession (Code Civ. Proc., sec. 325); and after this statute went into effect, it was necessary that the plaintiff should have paid the taxes. It is not contended that there is any sufficient affirmative showing as to the payment of taxes. The findings are silent upon the question, and the evidence does not show any payment after 1878. The plaintiff introduced tax-receipts up to 1876, at which period a showing of such payment was not necessary, but none subsequent to that date. And the fact that 'Mayo testified that he paid some of the taxes after 1876' is insufficient as a showing of payment after 1878. Now, assuming in favor of the plaintiff that it is not necessary that the findings should affirmatively show that taxes were not levied or assessed, and consequently that, so far as the findings are concerned, the plaintiff has a title by adverse possession, yet, upon the evidence, it must be held that the showing is insufficient. For under the latest decision in the matter it must be held that the burden is upon the party claiming by adverse possession to show either that he has paid the taxes or that none have been assessed. (*Reynolds* v. *Willard*, 80 Cal. 605.) It must be held, therefore, that *Reynolds* v. *Willard* overrules *Oneto* v. *Restano*, 78 Cal. 374, upon this point, and establishes the rule to be followed. In this view the evidence showed no title in the plaintiff by adverse possession.

"Upon the record before us, therefore, it must be held that the plaintiff had no title, but a mere naked prior possession. This is not sufficient to support a complaint upon title alone. As a matter of course, evidence of possession raises a rebuttable presumption of title. But

here such presumption is rebutted by proof that the title is outstanding in Le Roy. It is equally true that as against a mere trespasser, prior possession is a sufficient foundation for the action. But where prior possession alone is relied on as the foundation of the action, it must be alleged in the complaint. Possession without title is clearly not title, though as above stated it is some evidence of title. And hence a complaint which counts upon title alone is not supported by evidence of prior possession, if it affirmatively appears that the plaintiff has no title. In other words, where the plaintiff relies upon title alone it is sufficient for the defendant to show that the title is outstanding in a third person without connecting himself with it. (*Cranmer* v. *Porter*, 41 Cal. 466.) If, therefore, the action is to be considered as in ejectment, the judgment must be reversed.

" 2. The same result would follow if the complaint be considered to be a complaint to quiet title; for we do not understand that a mere naked prior possession is sufficient to maintain the action. We do not think that one who has no kind of interest in the property, and who may not even be in possession at the commencement of the action, can require all persons who claim an interest in the property to disclose the nature of their claims, and have them judicially determined. Compare *People* v. *Center*, 66 Cal. 555, 556. This is not in conflict with *Pennie* v. *Hildreth*, 81 Cal. 130. One of the points decided in that case was, that an administrator had sufficient interest to maintain the action, of the correctness of which we have no doubt; but it was also decided in that case that the denial of the plaintiff's allegation of ownership raised a material issue, and this was put upon the ground that the plaintiff must have some interest in the property. In this regard the court said: ' The basis of his right to require the adverse interest to be produced, exposed, and judicially determined is his own interest in or ownership of the land. This is the one thing

necessary for him to prove in order to make out his case.' (81 Cal. 132.) This language is not inconsistent with what was previously said in the case, viz., that it was not necessary that the plaintiff should have title; for that refers to the whole title. The court went on to say that the statute was broad enough to cover ' every interest or estate in lands of which the law takes cognizance.' But this is a very different thing from saying that it covers a case where the plaintiff has no interest whatever. It may be conceded, without affecting the decision in this case, that any interest which the law recognizes as such is sufficient foundation for a suit to quiet that interest. This would not be in conflict with *Von Drachenfels* v. *Doolittle,* 77 Cal. 295. All that was decided in that case was a question of pleading. The plaintiff there filed a complaint to quiet title in the usual form, and under it sought to have a decree that defendant should convey to him the legal title. The court held that this could not be done. The theory of the action was that the defendant had some claim which was invalid and void as against the plaintiff, and it was manifestly in contradiction of the pleading to maintain that the defendant's claim was not invalid or void, but on the contrary was the legal title, and that a conveyance of it should be decreed. It is not necessary in this case, however, to decide what interest the plaintiff must have to maintain the action. All that it is necessary to hold is that he must have some interest, and that a mere prior possession without right is not such interest."