[No. 15314. In Bank.—May 26, 1894.]

## GEORGE W. REID, RESPONDENT, *v.* ANTON ROBRECHT, APPELLANT.

BANKRUPTCY—SALE OF PROPERTY OF BANKRUPT—INVALID DEED.—Under the United States Bankrupt Act of July 22, 1874, all sales of the property of a bankrupt were required to be at public auction unless otherwise ordered by the court, after three weeks' notice of the time and place of sale given in such paper as should be determined by the judge to be best calculated to give general notice of the sale; and a conveyance of real estate of the bankrupt by the assignee in bankruptcy without any order made by the judge directing a sale, and without any notice of sale, required by the bankrupt act, and without any recitals in the deed showing that the assignee had any authority to make the sale or conveyance, is void.

ID.—SALE UNDER STATUTORY POWER—CONDITIONS PRECEDENT.—When a sale is made under a power given by the statute, all the requirements of such statute, so far as they are conditions precedent to the operation of the power to vest the estate, must appear to have been complied with.

ID.—QUIETING TITLE—POSSESSION OF LAND—CLAIM OF OWNERSHIP—FINDING AGAINST EVIDENCE.—Where the plaintiff, in an action to quiet title, claims title under a void sale by the assignee of a bankrupt, and only proves a claim of ownership of the property, and a request, prior to the commencement of the action, to real estate agents to rent the property and collect the rents for him, without showing possession in the plaintiff, a finding of title and possession in the plaintiff is not sustained by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Edward R. Taylor,* for Appellant.

As there was no proof that an order was made by the judge directing a sale of the property here involved, or designating the paper in which notice of the sale should be given, and no notice of the sale was shown to have been given, the sale is a nullity. (*Osborn* v. *Baxter*, 4 Cush. 406; *Cleveland* v. *Boerum*, 27 Barb. 252, 254; *Smith* v. *Long*, 12 Abb. N. C. 113; *Warren* v. *Homestead*, 33 Me. 256; *Gray* v. *Heslep*, 33 Mo. 238; *Wisner* v. *Brown*, 50 Mich. 553; *Shaw* v. *Lindsey*, 60 Ala. 344; *Sprague* v. *Edwards*, 48 Cal. 239; *Lawrence* v. *Farmers' L. & T. Co.*, 13 N. Y. 200; *Knight* v. *Cheney*, 5 Nat. Bank. Reg. 305.)

*Scrivner & Schell,* and *Horace Hawes,* for Respondent.

As the court finds that the plaintiff was in possession of the premises at the time of the commencement of this action the decree must be affirmed, for his mere possession is sufficient to enable him to maintain an action to quiet title as against the trespasser, or one who establishes no title in himself. (*McGovern* v. *Mowry*, 91 Cal. 383; *Kockemann* v. *Bickel*, 92 Cal. 665; *Brandt* v. *Wheaton*, 52 Cal. 430, 433; *McCormack* v. *Silsby*, 82 Cal. 72; *Orr* v. *Stewart*, 67 Cal. 275, 277; *Wilson* v. *Madison*, 55 Cal. 5; Code Civ. Proc., subd. 11, sec. 1963; Civ. Code, sec. 1006; *King* v. *Gotz*, 70 Cal. 236, 240; *Pierce* v. *Stuart*, 45 Cal. 280; *Niagara Con. G. M. Co.* v. *Bunker Hill etc. Co.*, 59 Cal. 612; *Pierce* v. *Felter*, 53 Cal. 18; *Pralus* v. *Pacific etc. M. Co.*, 35 Cal. 30, 34.)

The COURT.—Action to quiet title to certain property in San Francisco. The plaintiff had judgment, and the defendant appeals therefrom, and from an order denying a new trial.

In 1874 one P. F. Cusick became the owner and invested with the legal title to the property in question. Prior to July 30, 1878, Cusick and his wife filed a declaration of homestead upon said property, and on July 30th he went into bankruptcy, and on August 12th was adjudged a bankrupt, and an assignee was appointed, to whom the register executed an assignment of the bankrupt's effects on September 2, 1878. This assignment was not recorded in the recorder's office of the city and county within six months, as required by the Bankrupt Act, nor until April 23, 1885, nor in the office of the clerk of the district court until April 22, 1885.

On the 6th of April, 1885, the assignee, in consideration of the sum of fifty dollars, conveyed the premises in question to the plaintiff, which conveyance was recorded April 23, 1885.

Defendant's answer denied plaintiff's ownership and possession, and alleged that in 1881 Cusick and wife executed a mortgage to him upon the same premises to secure their joint and several promissory note for five thousand one hundred dollars; that the mortgage was duly recorded the same day; that in March, 1885, he obtained a decree of foreclosure of said mortgage, and that at the sale of the premises under said decree he became the purchaser; and, no redemption having been made, in due time received a deed from the sheriff therefor, and that notice of the pendency of the action was duly recorded June 30, 1884, at the time the action was commenced.

Upon the trial the plaintiff put in evidence the title of Cusick and the proceedings in bankruptcy down to and including the assignment by the register to the assignee, and then offered in evidence the deed from the assignee to the plaintiff, to the admission of which defendant objected. It was not shown by recitals in the deed, or otherwise, that the assignee had any authority to make the sale or conveyance. The act of July 22, 1874 (U. S. Stats., p. 178, sec. 4), provided that all sales of the property of a bankrupt shall be at public

auction (unless otherwise ordered by the court), after three weeks' notice of the time and place of sale given in such paper as should be determined by the judge to be best calculated to give general notice of the sale. No order was made by the judge directing a sale, nor designating the paper in which notice of the sale should be given, nor was any notice of the sale shown to have been given.

When a sale is made under a power given by statute, all the requirements of such statute, so far as they are conditions precedent to the operation of the power to vest the estate, must appear to have been complied with. A sale, therefore, by the assignee of the bankrupt at private sale and without notice is absolutely void. The deed offered in evidence did not recite the performance of any of the acts required by the statute to precede the sale, nor were such facts otherwise shown or offered to be shown. Plaintiff therefore acquired no title to the premises by the deed, and the court erred in receiving it in evidence.

The plaintiff called as a witness Mr. Bovee, who testified that he was a member of the firm of Bovee, Toy & Co., real estate agents; that on the first day of July, 1885, the plaintiff came to them and put the property in their charge, to let the premises and collect the rents, and that rents were collected and paid over to plaintiff. Upon cross-examination the witness admitted that he had no personal knowledge that the premises were leased by them to the tenants, nor that the tenants paid the rent, but was so informed by the collector and bookkeeper, and that he had seen accounts and checks to the effect that it had been paid to plaintiff; that he did not know any of the tenants personally, nor had he any personal interview with them that he knew of. Upon objection being made by counsel for defendant, the court said: " I think they are entitled to this much of the testimony to remain in the record, anyway. That is, to the effect that Mr. Reid went to the firm of Bovee, Toy & Co. for the purpose of getting them to lease or

rent this property for him, and Bovee, Toy & Co. paid him the rent for it. I think that is sufficiently shown as the knowledge of the witness. I shall allow that portion I have stated to remain. The other portion in relation to the tenants being there I shall order stricken out."

Plaintiff thereupon rested, and defendant moved for a nonsuit, which was denied.

The defendant introduced evidence tending to support his answer, and the court found all the issues in favor of the plaintiff, and it is assigned as error that the evidence does not support the findings.

The finding that at the commencement of the action the plaintiff was the owner and in possession of the premises in controversy cannot be sustained.

The sale and conveyance under which the plaintiff claims is, as we have seen, absolutely void. He could not, therefore, recover upon the strength of his title alone, though under the statute he might do so if his title were good, even if he were not in possession.

He contends, however, that he is in possession, and that possession is sufficient evidence of title to enable him to maintain this action against the defendant who has no title.

Whether possession of lands, the title to which has passed from the government and become vested in a private owner, is sufficient to authorize such possessor to maintain an action to quiet title, where such possession has not by its character and lapse of time created a title in the possessor, need not be considered, as no possession was shown in the plaintiff at the commencement of this action.

The complaint was filed July 7, 1885, six days after the plaintiff went to Bovee, Toy & Co., and requested them to rent the property and collect the rents for him. The testimony of Mr. Bovee simply shows that at some time thereafter money was paid over to the plaintiff as moneys received from rents of the property, but when such payments were made does not appear. Conceding

all that may be properly claimed from this testimony, it only shows that six days prior to the commencement of the action the plaintiff *claimed ownership* of the property, and a consequent right to rent it, and does not show possession.

The finding of title and possession in the plaintiff is, therefore, not sustained by the evidence.

Judgment and order reversed.

HARRISON, J., being disqualified, did not participate in the foregoing decision.