[S. F. No. 305.　Department Two.—September 19, 1896.]

ANTON ROBRECHT, RESPONDENT, *v.* GEORGE W. REID ET AL., APPELLANTS.

EJECTMENT—SHERIFF'S DEED TO MORTGAGEE — AFTER-ACQUIRED TITLE.— A mortgagee who obtains a sheriff's deed under foreclosure succeeds to all the rights of the mortgagor, whether existing at the time the mortgage was executed or subsequently acquired, and may maintain ejectment against the mortgagor.

ID.—OUTSTANDING TITLE—ASSIGNMENT IN BANKRUPTCY—CLAIM OF HOMESTEAD—POSSESSION ADVERSE TO ASSIGNEE—ESTOPPEL.—Though it is a general rule that where the plaintiff in an action of ejectment relies upon a paper title, the defendant may show the true title and right of possession to be outstanding in a third person; yet where the defendants are a husband and wife, who remained in possession of the property in controversy claiming it as a homestead for nearly seven years after bankruptcy proceedings were instituted by the husband, and the assignee in bankruptcy, recognizing this claim, then made a void deed to the husband, the husband and wife cannot, as against their mortgagee of the homestead, who had purchased the property under foreclosure, set up an outstanding title in the assignee in bankruptcy to defeat an action of ejectment by him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.　J. C. B. HEBBARD, Judge.

The facts are stated in the opinion.

*Scrivner & Schell,* and *Horace Hawes,* for Appellants.

The title of the assignee in bankruptcy related to the commencement of the proceedings, and defendants had nothing to mortgage to plaintiff.　(U. S. Rev. Stats., sec. 5044; *Johnson* v. *Geisriteer,* 26 Ark. 44; *Phillips* v. *Helmbold,* 26 N. J. Eq. 202; *Barron* v. *Newberry,* 1 Biss. 149; Bump on Bankruptcy, 9th ed., 139.)　The filing of the petition in bankruptcy was constructive notice of the proceedings.　(*In re Gregg,* 3 Bank. Reg. 446; *Mays* v. *Manufacturers' Nat. Bank,* 64 Pa. St. 74; 3 Am. Rep. 573; *In re Lake,* 3 Biss. 204; *Perley* v. *Doe,* 38 Me. 558; *Oakey* v. *Corry,* 10 La. Ann. 502; *Stevens* v. *Mechanics' Sav. Bank,* 101 Mass. 109; 3 Am. Rep. 325.)　The homestead is invalid for want of residence on the premises and use as

a homestead when it was declared. (Civ. Code, secs. 1237, 1263; *Babcock* v. *Gibbs*, 52 Cal. 629, 630; *Dorn* v. *Howe*, 52 Cal. 630; *Aucker* v. *McCoy*, 56 Cal. 526; *Gregg* v. *Bostwick*, 33 Cal. 220; 91 Am. Dec. 637; *Lubbock* v. *McMann*, 82 Cal. 228; 16 Am. St. Rep. 108; *Tromans* v. *Mahlman*, 92 Cal. 1.) Defendant could show that the title was outstanding in the assignee. (*Cranmer* v. *Porter*, 41 Cal. 462; *Bird* v. *Lisbros*, 9 Cal. 6; 70 Am. Dec. 617; *Moore* v. *Tice*, 22 Cal. 513; *Dyson* v. *Bradshaw*, 23 Cal. 528; *Welch* v. *Sullivan*, 8 Cal. 165; *Simson* v. *Eckstein*, 22 Cal. 580; *McGrath* v. *Wallace*, 85 Cal. 627, 630.)

*Edward R. Taylor*, for Respondent.

An outstanding title cannot be set up in ejectment unless at time of trial it is present, subsisting, and operative, and not barred, nor abandoned, nor collusive. (*Salter* v. *Williams*, 10 Ga. 187–90; *Hunter* v. *Cochran*, 3 Pa. St. 105, 108; *Peck* v. *Carmichael*, 9 Yerg. 325–28; *Howard* v. *Massengale*, 13 Lea, 577, 585; *Jackson* v. *Harder*, 4 Johns. 202, 211, 212; 4 Am. Dec. 262; *McDonald* v. *Schneider*, 27 Mo. 405, 410; *Foster* v. *Joice*, 3 Wash. C. C. 501; *Greenleaf* v. *Birth*, 6 Pet. 312, 313; *Moreau* v. *Detchemendy*, 18 Mo. 522, 530; *Sharp* v. *Johnson*, 22 Ark. 79.) An outstanding title cannot be shown when both parties claim under the same source of title. (*Jackson* v. *Graham*, 3 Caines, 188; *Jackson* v. *Bush*, 10 Johns. 223; *Blood* v. *Light*, 38 Cal. 649; 99 Am. Dec. 441; *Smith* v. *Lindsey*, 89 Mo. 76; *Brown* v. *Brown*, 45 Mo. 412; *Rhett* v. *Jenkins*, 25 S. C. 453; *Dunlap* v. *Cook*, 18 Pa. St. 454; *Green* v. *Watrous*, 17 Serg. & R. 398; *Sherry* v. *Denn*, 8 Blackf. 552; *Gilliam* v. *Bird*, 8 Ired. 280; 49 Am. Dec. 379; *Avent* v. *Read*, 2 Port. (Ala.) 480; 27 Am. Dec. 663; *Den* v. *Winans*, 14 N. J. L. 5; *Hayes* v. *Bernard*, 38 Ill. 301; *Griffin* v. *Sheffield*, 38 Miss. 359, 389, 391; 77 Am. Dec. 646.)

BELCHER, C.—This is an action of ejectment to recover possession of a lot of land in the city of San Francisco. The complaint is in the usual form, alleging ownership

and right of possession in the plaintiff, and his ouster by defendants and the damages sustained. The answer admits that defendants are in possession of the lot, but denies that plaintiff is the owner or entitled to the possession thereof, and alleges ownership and right of possession in the defendant Reid.

The case was tried by the court without a jury, and the findings and judgment were in favor of the plaintiff; from which judgment and an order denying their motion for a new trial defendants appeal.

The facts proved are in substance as follows: The lot in question is situated between Seventh and Eighth streets, and Folsom and Clementina streets. It has a width of twenty-five feet, facing on the two last-named streets, and a length of one hundred and sixty feet between them. There are two two-story buildings on the lot, one fronting on Folsom and the other on Clementina street, and there is a fence between them with a gate or opening through it for passage from one house to the other. Both houses were constructed for use as flats, except the lower story of the one on Folsom street. The front part of that story was intended for a store, and in the rear were rooms for family use.

In March, 1874, one P. F. Cusick became the owner of the said lot, and on July 26, 1878, he, his wife joining with him, executed in proper form a declaration of homestead thereon, and on the next day caused the same to be duly recorded. At that time he was residing with his family on Langton street, but the night before executing the declaration of homestead he and his wife went to the Folsom street house and slept there, on a mattress, in one of the back rooms in the lower story. They took their supper that night and their breakfast the next morning at their house on Langton street, but a few days later they moved into the Folsom street house and thereafter made it their place of residence.

On July 30, 1878, Cusick filed, in the United States district court for California, his petition in bankruptcy, with accompanying schedules, showing, among other

things, that the property here in controversy was en-
cumbered by a mortgage to one Portal for five thousand
dollars, bearing interest at the rate of twelve per cent
per annum, and on August 7th he was regularly ad-
judged to be a bankrupt under the federal bankrupt
laws then in force.  Thereafter, on September 2d, one
J. H. B. Wilkins was regularly chosen and appointed
assignee of the estate of said bankrupt, and on that day
the register in bankruptcy, by an instrument in writing,
assigned and conveyed to the said assignee all the
estate, real and personal, of the said bankrupt.  No
notice of the assignee's appointment was published, and
the assignment to him was not filed in the office of the
clerk of the court or recorded in the office of the county
recorder until April, 1885, though the immediate publi-
cation of such notice and the recording of the assign-
ment within six months were required by the bankrupt
act.   (U. S. Rev. Stats., sec. 5054.)

Cusick remained in possession of the said property,
using a portion thereof as a place of residence for him-
self and family, and collecting the rents for the portions
leased to tenants, until March 3, 1881, when, to pay off
the mortgage thereon to Portal for five thousand dollars,
he borrowed from plaintiff the sum of five thousand one
hundred dollars, for which he and his wife executed to
plaintiff their promissory note, payable two years after
date, with interest at the rate of ten per cent per annum,
and also at the same time executed to him a mortgage on
the said premises to secure payment of the said note.
To complete the transaction all the parties met at the
city hall, and the plaintiff then, at the request of Cusick,
paid the money loaned to Portal, who then satisfied his
mortgage.   Before making the loan plaintiff employed
an attorney to examine the title, and after an investiga-
tion the attorney reported to him that it was good.
Neither the plaintiff nor his attorney had ever had any
knowledge or notice of any of the said bankruptcy pro-
ceedings.   The said note not being paid, plaintiff com-
menced an action in the superior court of the city and

county of San Francisco against Cusick and his wife to foreclose his mortgage, and such proceedings were had therein that on March 26, 1885, a judgment and decree was duly given and made foreclosing the same and adjudging that the whole amount of principal and interest due thereon was unpaid and owing from the defendants to plaintiff, and directing that the mortgaged premises be sold for the purpose of satisfying the mortgage lien. Under this decree the said premises were regularly sold by the sheriff and bid in by the plaintiff, and on September 29, 1885, he obtained a sheriff's deed therefor, which was duly executed, acknowledged, and recorded.

So far as appears, nothing, except as above stated, was done by the court or the assignee in the bankruptcy proceedings until April 6, 1885, when the assignee executed to the defendant a deed of the said premises, who thereupon took possession of the same, and thereafter retained such possession up to the time of the trial. The consideration for the deed was fifty dollars, and it was proved that the value of the said property at that time was more than seven thousand dollars. Shortly after obtaining his deed the defendant commenced an action against the plaintiff herein to quiet his title to the property, and on appeal to this court it was held that the deed was void and conveyed no title. (*Reid* v. *Robrecht*, 102 Cal. 520.)

Upon these facts the appellants contend that the findings of the court were not justified, and that the judgment should, therefore, be reversed.

This contention is based upon the following propositions: 1. That the declaration of homestead executed and filed by Cusick and his wife was invalid and of no effect, because the declarants were not at the time of executing the same actually residing upon the property; 2. That when the register assigned the property of the bankrupt to the assignee, the assignment related back to the commencement of the proceedings in bankruptcy and vested the title to the property in the assignee as of that time; 3. That when Cusick and his wife executed the mort-

gage to the plaintiff they had no estate or interest in the property and could not encumber or convey the same in any way whatever, and hence the mortgage created no lien on the property; 4. That the fact that the plaintiff loaned his money to pay off a pre-existing valid mortgage on the property did not in any way subrogate him to the rights of the prior mortgagee; 5. That it is immaterial whether the plaintiff had notice of the bankruptcy proceedings when he took his mortgage, as under the bankrupt law a purchaser from the bankrupt can acquire no right to property vested in the assignee, whether he has notice of the proceedings or not; 6. That it was competent for the defendant to defeat the plaintiff's title by showing, as he did, that the title was outstanding in the assignee.

We do not deem it necessary to discuss these several propositions at length, for, conceding that each one of them is sound, still they are not, in our opinion, controlling in this case.

It is true that in an action of ejectment, when the plaintiff relies upon a paper title, the defendant may show the true title with right of possession to be outstanding in a third person, without connecting himself with it, and may thus defeat the action. (*Moore* v. *Tice*, 22 Cal. 514; *Simson* v. *Eckstein*, 22 Cal. 581; *Dyson* v. *Bradshaw*, 23 Cal. 528; *Cranmer* v. *Porter*, 41 Cal. 462.)

Here it appears that Cusick and his wife remained in undisturbed possession of the property, claiming it as their homestead, for nearly seven years after the bankruptcy proceedings were commenced. This possession was evidence of an admitted right on their part to the possession of the property, and was certainly sufficient to have enabled them to maintain an action to dispossess any mere intruder upon it. And that this right was recognized by the assignee is shown by the fact that, during all the time named, he took no steps to obtain possession of the property himself, as it would otherwise have been his duty to do, and at the end simply sold out his claim thereto for fifty dollars, when the prop-

erty was in fact then worth more than seven thousand dollars. But when the plaintiff obtained the sheriff's deed under the foreclosure proceedings he succeeded to all the rights of the mortgagors, whether existing at the time the mortgage was executed or subsequently acquired, and was, therefore, entitled to maintain his action against the defendant, who in no way connected himself with the title.

The bankrupt law provided as follows: "No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a third person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." (Rev. Stats., sec. 5057.)

Whether, in view of this statute, the assignee at the time he made his deed to the defendant could have maintained an action to recover possession of the property is a question which does not arise here, and need not be considered. In any event, however, the defendant should not be permitted to defeat this action by the showing made as to the title of the assignee.

It follows, in our opinion, that the findings of the court were justified, and that the judgment and order should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.