[Civ. No. 2579.    Second Appellate District.—September 3, 1918.]

J. L. GISH et al., Respondents, v. EMILY HUCKABY, Administratrix etc., Appellant.

QUIETING TITLE — DEFENSE OF ADVERSE POSSESSION — FINDING FOR PLAINTIFF JUSTIFIED BY EVIDENCE — POSSESSION AS TENANT NOT ADVERSE.—In an action to quiet title where the defense set up was adverse possession by the defendant's intestate, a finding by the trial court that· defendant's intestate had occupied the land continuously and that his possession had been open and notorious, but that such possession had not been adverse to plaintiffs' predecessor, was justified by the evidence, when it appeared that, admittedly, the possession by defendant's intestate of the tract of land on which the adverse claim was based, was at all times in the nature of a tenancy with the consent of plaintiffs' predecessor.

ID.—PAYMENT OF TAXES.—Even assuming in such case that the evidence did not show that plaintiffs and their predecessors had paid all taxes levied and assessed against the property, it was essential, in support of the claim of title by prescription, that it be· shown that all taxes levied and assessed against the property had been paid by the adverse claimant as required by section 325 of the Code of ·Civil Procedure.

APPEAL from a judgment of the Superior Court of Inyo County.    J. P. Wood, Judge.

The facts are stated in the opinion of the court.

P. W. Forbes, S. E. Vermilyea, and S. L. Carpenter, for Appellant.

A. H. Swallow, for Respondents.

JAMES, J.—Action to quiet title.    Defendant appeals from a judgment entered in favor of the plaintiffs.

At about the year 1889 plaintiffs' predecessor in interest was the owner of two parcels of land, one parcel being described as lots 3, 6, and 7, and the other parcel being a certain forty acres immediately adjoining thereto, a portion of which is involved in this suit.    Plaintiffs' predecessor with his family lived upon the property, his dwelling-house being mainly located upon lot 7, but a portion of the house extended over upon the adjacent forty acres.    An inclosed yard ex-

tended also upon the forty acres immediately surrounding, as we understand it to be, the rear of the house. At about the year 1894 plaintiffs' predecessor moved from the house and took his family away and did not thereafter reside in that vicinity. A creditor of plaintiffs' predecessor obtained a judgment against him and levied upon lots 3, 6, and 7, before mentioned, which lots were later sold under execution. Defendant's intestate was the purchaser at the execution sale. This purchaser was at the time occupying the house located as we have described it, and at the time he purchased the property under the execution sale he was aware of the fact that the house stood partly upon lot 7 and partly upon the adjacent forty acres, title to which latter remained undisturbed in plaintiffs' predecessor. There is nothing in the record presented which tends to show that by the execution sale any property in excess of lots 3, 6, and 7 was pretended to be sold to the defendant's intestate. However, at a later date defendant's intestate set up a claim of title to all of that portion of the forty acres included within the inclosed yard at the rear of the house which he was occupying. During the early part of his occupancy of this house, and continuing down until after the year 1906, defendant's intestate farmed portions of the forty acres belonging to plaintiffs' predecessor, with the consent of plaintiffs' predecessor expressed in communications by letter. In letters written by defendant's intestate to plaintiffs' predecessor, such intestate referred to the ground as the ranch of plaintiffs' predecessor, and it is very clear from the correspondence which is exhibited by the record that the entire forty acres belonging to plaintiffs' predecessor was included in the term "ranch." The trial judge found that defendant's intestate had occupied the land continuously and that his possession had been open and notorious, but determined that such possession had not been adverse to plaintiffs' predecessor. It was further found that plaintiffs and their predecessor had paid all taxes levied and assessed against the property. It is appellant's contention that the evidence does not justify the finding of the court as to either of these propositions. We cannot agree with this contention, especially as to the first question presented. Admittedly the possession by defendant's intestate of the forty acres of land was at all times in the nature of a tenancy with the consent of plaintiffs' predecessor. No showing was

38 Cal. App.—10

made indicating that defendant's intestate ever notified plaintiffs' predecessor that he disclaimed the relation of landlord and tenant as to the ground included within the fence. The only hint of such a contention is found in the statement of defendant's intestate to the effect that when at one time plaintiffs' predecessor wrote him suggesting that the house should be painted, he replied that he would paint it when he thought it needed it, as he claimed it as his own. As the larger portion of the building was located upon lot 7, which defendant's intestate had purchased under the execution sale, his notification of alleged ownership to plaintiffs' predecessor was wholly consistent with his occupation of the forty acres as a tenant. As to the second proposition, assuming that the evidence did not show that plaintiffs and their predecessor had paid all taxes levied and assessed against the property, it does not appear that defendant's intestate made such payments. And we think that it was essential in support of the claim of title by prescription that it be shown that all taxes levied and assessed against the property had been paid by the adverse claimant, as required by the provisions of section 325 of the Code of Civil Procedure. (*Reynolds* v. *Willard*, 80 Cal. 605, [22 Pac. 262]; *McGrath* v. *Wallace*, 85 Cal. 622, 629, [24 Pac. 793].) The claim of prescriptive title made by defendant's intestate was not founded upon a written instrument, judgment or decree.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.