80  605
85  629

80  605
101  401
101  404

80  605
132  124

[No. 12997. In Bank. — September 26, 1889.]

## J. A. REYNOLDS, Respondent, *v.* FRANK WILLARD, Appellant.

Ejectment — Statute of Limitations — Adverse Possession — Payment of Taxes — Presumption — Burden of Proof — Findings. — When the plaintiff in an action of ejectment proves a paper title, his case is made out; and if the defendant relies upon adverse possession under the statute of limitations, he must prove either that no taxes were levied and assessed upon the land, or that he paid all taxes which were levied and assessed thereon. In the absence of such proof by defendant, it must be presumed that the assessor did his duty, and that the property in controversy had been assessed for taxes, and the court should find that the taxes thereon had been levied and assessed, and that defendant had not paid the same. (Thornton, J., and McFarland, J., dissenting.)

Id. — Payment of Taxes Prior to 1878 — Instruction — Harmless Error. — A defendant is not bound to prove payment of taxes, to constitute adverse possession prior to 1878; but if the proof shows no such possession as was protected by the statute of limitations, an instruction that the defendant must have paid all taxes assessed on the land is a harmless error.

Id. — Actual Payment of Taxes — Belief of Defendant. — The defendant is bound to prove under the statute that he actually paid the taxes on the land in controversy. It is not sufficient for him to show that he paid taxes on other lands, supposing them to include the lands in dispute.

Appeal from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. L. Dudley,* for Appellant.

*J. C. Campbell,* for Respondent.

WORKS, J.—Action of ejectment. Defense, adverse possession. Trial by jury, and verdict for plaintiff. Judgment accordingly. Motion for new trial denied. Defendant appeals.

There was evidence tending to show that the land in controversy was held adversely by the defendant from August, 1882, until the commencement of this action, September 22, 1887, but there is other evidence tending to show that this possession was not continuous, but was interrupted by a third party taking and holding possession for a part of one year, and cultivating and growing a crop on the land. There was also some evidence slightly tending to show that the defendant's adverse possession commenced as early as 1874. The court instructed the jury that, in order to make out his defense of adverse possession, the defendant must have proved the payment by him of all taxes levied and assessed against the land.

The appellant contends that this instruction was erroneous, for two reasons: 1. Because there was no evidence that any taxes had been levied or assessed against the land; 2. As the evidence tended to show that the land was held adversely prior to the enactment of the statute requiring payment of taxes, it was error to instruct that *all* taxes must have been paid by the defendant, including the time prior to the enactment of the statute.

As to the first of these, counsel claim, on the authority of *Ross* v. *Evans*, 65 Cal. 439, and *McNoble* v. *Justiniano*, 70 Cal. 396, that the burden was upon the plaintiff to show that taxes had been levied and assessed against the property, and that in the absence of such proof the defendant was not called upon for any evidence on the subject. The cases cited do not support this contention, nor do we believe it to be the correct rule. The plaintiff made out his case by showing a paper title to the property. The defendant, in support of his claim of title by adverse possession, was bound to prove every

fact necessary to show such possession for the requisite time, including the payment of taxes, if any had been levied and assessed. If taxes had been levied and assessed, he should have proved the fact, and also that he had paid the same. If none had been levied and assessed, he should have proved that fact as a reason for not making payment. Having failed to make such proof, it cannot be presumed in aid of his possession that no taxes had been levied and assessed.

Neither of the cases relied upon by the appellant are in conflict with this view of the law. *McNoble* v. *Justiniano* has no bearing on the question. *Ross* v. *Evans* related to the findings of the court, and not to the evidence. In that case the court below found that the taxes had not been paid, but failed to find that any had been levied and assessed, and this court held, very properly, that the findings were defective in this respect.

But while we adhere to the case referred to, we are clearly of the opinion that in the absence of any evidence on the point, the court below should find that taxes had been levied and assessed, and that the defendant had not paid the same. The presumption that the assessor had done his duty should be regarded as *prima facie* evidence that such property had been assessed. In the absence of any evidence from the defendant, the fact should be found against him. This must be the result of the well-established rule that a party who relies upon adverse possession must prove every fact necessary to establish such possession for the requisite length of time. (*Garwood* v. *Hastings*, 38 Cal. 223; *Figg* v. *Mayo*, 39 Cal. 267.)

Conceding that the evidence tended to show that the adverse possession commenced in the year 1874, the other objection to the instruction is well taken. The statute requiring the payment of taxes took effect in 1878. From the time the defendant took possession until the

statute took effect, the payment of taxes was not necessary, and to instruct the jury that *all* taxes must have been paid to entitle the defendant to recover was error. But as it is conceded that there was no evidence showing either that the defendant had paid the taxes levied and assessed subsequent to the enactment of the statute, or that none had been levied or assessed, and as the full term of five years could not have run before the statute took effect, the verdict of the jury must necessarily have been against him on that ground, and the giving of the instruction was a harmless error.

Besides, the evidence tending to show possession on the part of the defendant prior to the year 1882 was so meager as to be unworthy of notice. It is perfectly evident that the only possession relied upon by the defendant at the trial was that commencing with the year 1882, and as to that the instruction was correct.

It was admitted at the trial that the defendant had paid all taxes levied and assessed against certain lands covered by a patent to him, and the evidence tended to show that he *supposed* the land in controversy to have been a part of such lands, but that in fact it was not, but was part of a tract patented to the plaintiff's grantor, and by him conveyed to the plaintiff. The defendant asked the court to instruct the jury that if the defendant held the land believing it to have been within his patent, and paid the taxes on the land patented to him, supposing that he was paying on the land in dispute, such payment was a sufficient compliance with the statute.

The instruction was correctly refused. The defendant was bound to prove under the statute that he actually paid for taxes on the land in controversy. It was not sufficient for him to show that he paid on other lands, supposing it to include the lands in dispute.

Judgment and order affirmed.

SHARPSTEIN, J., BEATTY, C. J., and FOX, J., concurred.

THORNTON, J., and MCFARLAND, J., dissented; citing *Ross* v. *Evans*, 65 Cal. 437; *Heilbron* v. *Last Chance W.* *Co.*, 75 Cal. 123.