[L. A. No. 1088.  Department One.—June 14, 1902.]

SUSAN McLEAN, Respondent, v. E. J. BALDWIN, Appellant, and RICHARD GARVEY, and JOHN H. TEMPLE, Co-Defendants.

ACTION OF EJECTMENT—NOTICE OF LIS PENDENS—CERTAINTY—REJECTION OF FALSE DESCRIPTION.—Where three out of four of the boundary-lines described in a notice of *lis pendens* filed in an action of ejectment were certain and visibly marked, while the fourth was a surveyed line between two patented grants, the description is sufficiently certain, and a mistake in the description of the part of a grant in which the land was located will be rejected as *falsa demonstratio*.

ID.—SUFFICIENCY OF DESCRIPTION.—A description is ample for the purpose of invoking the rule of *lis pendens,* if the land in all probability comes within the description, and if the prospective purchasers, upon reading the description, are advised by it that the land with which they propose to meddle may be, and probably is, a parcel of the lands in litigation.

ID.—FORMER ADJUDICATION—PLEADING.—A party cannot avail himself of a former adjudication as a defense without pleading it.

ID.—ACTION TO QUIET TITLE—CONCLUSIVENESS OF FORMER JUDGMENT IN EJECTMENT—PURCHASE PENDENTE LITE.—A former judgment in ejectment in favor of the appellant is conclusive in a subsequent action to quiet title brought by the respondent, the grantee of a purchaser from the defendant in ejectment, who took *pendente lite,* with sufficient notice of the pendency of the action.

ID.—RUNNING OF STATUTE OF LIMITATIONS.—The statute of limitations, which does not run in favor of the defendant in an action of ejectment pending the litigation, does not run in favor of a purchaser from the defendant, who took *pendente lite,* with notice of the pendency of the action.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Works & Lee, for Appellant.

J. Brousseau, and Graves, O'Melveny & Shankland, for Respondent.

HAYNES, C.—Action to quiet title. The plaintiff had findings and judgment in her favor, and defendant Baldwin

appeals from the judgment and from an order denying a new trial. Defendant Garvey made default, and Temple entered a disclaimer.

On February 15, 1887, defendant John H. Temple, claiming to be the owner, occupied a parcel of land containing about seventy-six acres (familiarly known as the Temple Homestead), lying partly within the Rancho La Merced, owned by said Baldwin, and partly within the Rancho de Felipe Lugo, owned by said Baldwin and one Richard Garvey, as tenants in common; and on the day above mentioned said Baldwin (the defendant in the present action) commenced an action against said Temple to recover possession of that part of said "homestead" lying within said Rancho La Merced, which part was described in the complaint as follows:—

"That certain tract of land bounded on the northerly side by the boundary-line between the Rancho La Merced and the Rancho Potrero de Felipe Lugo, and on the westerly side by the road leading from the old Mission San Gabriel to the Temple Schoolhouse, and on the easterly side by the San Gabriel River, and on the southerly side by the land heretofore occupied and used by one E. Bestwick, including within said boundaries ten acres of land, more or less, the same being located in the northwest corner of the said Rancho La Merced."

On the same day Baldwin, the plaintiff in that action, filed and caused to be recorded in the recorder's office of said county a notice of *lis pendens,* in which the land in litigation was described as in the complaint above quoted. That action was tried in April, 1891, and judgment therein was entered for defendant Temple, and Baldwin appealed from the judgment and from an order denying his motion for a new trial, and upon that appeal said judgment and order were reversed and a new trial granted. (*Baldwin* v. *Temple,* 101 Cal. 396.) Upon the second trial Baldwin had final judgment in May, 1897, and on August 10, 1897, he was put in possession by the sheriff under a writ issued upon said judgment, and built a fence separating said parcel from the remainder of said Temple Homestead, and maintained his possession until August, 1898, when Watkins, a grantee *pendente lite* under Temple, removed the fence and retook possession.

Plaintiff in this action claims title to said premises under

the following conveyances, each of which assume to convey the whole of the Temple Homestead, including the part lying in the Rancho La Merced, which alone is involved in this action: Temple to Davidson, July, 1892; Davidson to Watkins, January, 1895; Watkins to his wife, June, 1895; Watkins and wife to plaintiff, January 28, 1899.

There are several points in controversy in this case discussed by counsel.

1. It is contended by respondent that the notice of *lis pendens* filed by the plaintiff in the case of *Baldwin* v. *Temple,* to recover possession of the land here in controversy was so defective in its description of it as not to impart notice of its pendency, and that therefore Temple's grantee took without notice of Baldwin's claim. As has been stated, the description in said notice is a copy of the description in the complaint, which has been quoted herein.

The only error in the description of the land in said notice is in the statement that it is located in the northwest corner of said Rancho La Merced. But the land in controversy was described in said notice as being bounded on one side by the Old Mission Road leading to the Temple Schoolhouse, and on the opposite side by the San Gabriel River, and these boundaries are visible and certain to the most casual observer, while the land occupied by Bestwick, being marked by a fence, could be readily ascertained. Three of the lines being certain and visibly marked, while the fourth is a surveyed line between two patented grants, though not visibly marked upon the ground at that part, the description was certain, and could not be located at any other place. The description given in the notice would have been quite sufficient in a deed of conveyance. The mistake as to the part of the grant it was in would be rejected as *falsa demonstratio.* (*Helm* v. *Wilson,* 76 Cal. 476; *Burnham* v. *Stone,* 101 Cal. 170.) In suggesting that there are many roads radiating from the Old Mission, and that therefore there is an uncertainty as to what road was intended, respondent overlooks the fact that it is described as the road leading to the Temple Schoolhouse, and it is not suggested that there is any other road answering that description, whilst one of respondent's plats found in their brief shows the "Temple School" on the roadside opposite said homestead.

We think the property and its location were sufficiently described in the notice of *lis pendens.* Upon this subject it is said in Bennett on Lis Pendens (sec. 93): "It may be said in general that a *lis pendens* will be created where the property involved in suit is described, either by such definite and technically legal description that its identity can be made out by the description alone, or where there is such a general description of its character, or *status,* and by such reference that, upon inquiry, the identity of the property involved in litigation can be ascertained. Descriptions falling within the latter as well as the former class are efficient to create a *lis pendens.*" The same author (at sec. 93a) further says: "So, if the description is such that the purchaser is reasonably put upon inquiry, and such as to raise a presumption of probability that the property may be included in that which is involved in the litigation, there is a *lis pendens* efficient to charge the property in the hands of a *pendente lite* purchaser with the results of the litigation." So, in Freeman on Judgments (sec. 197), after citing and quoting from *Green* v. *Slayter,* 4 Johns. Ch. 39, decided by Chancellor Kent, it is said:—

"From this decision, which seems to be sustained by reason, it would follow that the description in the bill need not, in itself, be so specific as to necessarily and beyond all possibility include a given tract of land; but that it is ample, for the purpose of invoking the rule of *lis pendens,* if the land in all probability comes within the description, and if prospective purchasers, upon reading the bill, are advised by it that the land with which they propose to meddle may be, and probably is, a parcel of the lands in litigation."

2. Respondent put in evidence (over the objection of appellant) the judgment-roll in the case of *Baldwin and Garvey* v. *Temple,* and insists that said judgment is conclusive against appellant in this action.

On the same day the said action of *Baldwin* v. *Temple* was commenced to recover that portion of the homestead lying within the Rancho La Merced, Baldwin and Garvey commenced a similar action to recover that portion of the homestead lying within the Rancho de Felipe Lugo, which they owned as tenants in common. In that action the complaint described the portion of the Temple Homestead sought to be recovered as that part lying "northeasterly of the boundary-

line between the Rancho La Merced and the Rancho Potrero de Felipe Lugo,'' and therefore excluded from the lands involved in that action that portion of said homestead which was within the Rancho La Merced, of which Baldwin was the sole owner. The answer was a general denial and a plea of the statute of limitations; but defendants also filed a cross-complaint to quiet title, and described the land by courses and distances according to a survey made by one Seebold, and then alleged ''that the tract of land described and claimed by plaintiffs in their complaint is the same land and premises hereinabove described,'' and the court, in its findings, described the land by the courses and distances of said survey, and further found, in the language of the allegation above quoted, ''that the tract of land described and claimed by plaintiffs in their complaint is the same land and premises hereinabove described.'' It is claimed that the description given by courses and distances in said judgment includes the whole of the homestead, including that part lying within the Rancho La Merced, which was finally adjudged in the action of *Baldwin* v. *Temple* to be the property of Baldwin. It is not necessary to determine whether or not said judgment in the case of *Baldwin and Garvey* v. *Temple* included the part of the homestead lying within the Rancho La Merced which is in controversy here; for if it be true that the judgment in the case of Baldwin and Garvey included the part finally adjudged in the other case to be the property of Baldwin, it should have been pleaded in bar in that case. There was ample opportunity to do so. The judgment in Baldwin and Garvey was entered June 30, 1888, and not being appealed from became final June 30, 1889, whilst the first trial in *Baldwin* v. *Temple* was not had until April, 1892; and it is well settled that a party cannot avail himself of a former judgment as a defense to another action without pleading it. (*Cave* v. *Crafts*, 53 Cal. 135; *Brown* v. *Campbell*, 110 Cal. 644; Freeman on Judgments, sec. 322, and cases there cited.) The judgment of *Baldwin* v. *Temple* is pleaded by appellant in this action, and as it would have been conclusive against Temple, if he were the plaintiff, it is conclusive against respondent.

3. It is further contended by respondent that appellant is barred by the statute of limitations, but this contention cannot be sustained.

On August 6, 1897, after Baldwin obtained final judgment in his action against Temple, he caused a writ of possession to be issued thereon, and on August 10, 1897, he was put in possession by the sheriff thereunder, and built a fence separating the land so recovered from the remainder of said original homestead, and maintained possession for about a year, when Watkins, claiming by mesne conveyance under Temple, removed the fence and resumed possession. From the date of the conveyance by Temple to Davidson until Baldwin was put in possession under said writ was a little more than five years; but it is obvious that if Temple had not conveyed the land and had remained in possession the statute would not have commenced to run in his favor until the litigation was ended, which was in May, 1897, and this action was begun March 7, 1899; and if the statute would not have run in Temple's favor during the litigation, it would not run in favor of a purchaser *pendente lite* who was charged with notice, as was the case here. (*In re Grider*, 81 Cal. 571; *Christy* v. *Spring Valley Water Works*, 97 Cal. 21; *Parker's Admr.* v. *Clarkson*, 39 W. Va. 184.)

It follows from what has been said that the judgment in the case of *Baldwin* v. *Temple* is final and conclusive, and is a bar to the present action as to all that part of the John Temple Homestead described and adjudged to be the property of this appellant in the final judgment in the said action of *Baldwin* v. *Temple* pleaded by appellant in bar of the present action, and that the court erred in holding and finding that the notice of *lis pendens* filed by Baldwin in said action was insufficient and void, and did not impart notice to Davidson at the time of his purchase from Temple of the pendency of said action.

The conclusion thus reached renders it unnecessary to further particularize or discuss the points made by counsel on either side.

The judgment should be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed. Harrison, J., Garoutte, J., Henshaw, J.

Hearing in Bank denied.