[L. A. Nos. 1648, 1573.   Department Two.—March 1, 1907.]

SUSAN A. McLEAN, Appellant, v. E. J. BALDWIN, Defendant and Respondent; RICHARD GARVEY et al., Defendants.

BOUNDARY—EVIDENCE—FINDINGS.—Upon a review of the evidence and findings as they appear in the case, *held,* that the so-called Seebold line should have been taken, for the purposes of this case, as the line establishing the boundary between the land of the plaintiff and defendant; and that therefore the finding that the plaintiff is not the owner of any of the premises described in the complaint is not sustained by the evidence and is contrary to the other findings.

APPEALS from a judgment of the Superior Court of Los Angeles County from an order refusing to render a different judgment and from an order refusing a new trial.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Graves, O'Melveny & Shankland, for Appellant.

Works, Lee & Works, for Respondent.

McFARLAND, J.—This is an action to quiet title to a certain piece of land.  The defendant Garvey made default, and defendant Temple disclaimed.  Defendant Baldwin answered, denying that plaintiff had any title or right to the premises described in the complaint, averring his ownership thereof, setting up a certain judgment in bar of plaintiff's action, and praying for judgment decreeing that plaintiff has no title to said land, and that defendant is the owner thereof.  The trial court found that plaintiff had no title or right to or in the premises, or any part thereof, and that defendant was the owner of certain land described in the judgment.  There are two transcripts on appeal in the case, Nos. 1648 and 1573, and these transcripts present three appeals by plaintiff—one from the judgment, another from an order denying a motion made under section 663½ of the Code of Civil Procedure to render a different judgment, and the third from an order denying plaintiff's motion for a

new trial. They were all submitted at the same time and will be considered together.

The evidence, including testimony of witnesses, former judgments and other documents, and the findings and judgments herein, present a case which is confused, uncertain, and unsatisfactory. Indeed, it is difficult to discover what, if anything, the findings and judgment do definitely determine. It might almost be imagined that the parties and their predecessors have been trying to keep open opportunities for the luxury of future litigation.

The action is to quiet title to a small piece of land lying along the boundary lines between two large adjoining tracts of land—one known as the Rancho Potrero de Felipe Lugo, lying on the east, and the other known as the Rancho La Merced, lying on the west. In 1872 both of these ranches were owned by F. P. E. Temple, who was the common source of title of all the parties. In 1873 he gave to the son, John H. Temple, a piece of land lying along the boundary line of said ranchos, containing about seventy-five acres, and known as the John H. Temple homestead. The plaintiff in the case at bar claims through mesne conveyances from said John H. Temple—the deeds running from said Temple to one A. N. Davidson, from Davidson to E. H. Watkins, from Watkins to his wife, and from Watkins and wife to the present plaintiff.

The main question in the case is whether the land here in controversy is on the east or the west side of the boundary line between the two ranchos. Defendant contends that the boundary is a line called the "Stevenson line," to be noticed hereafter, while plaintiff contends that the line is "the westerly boundary line of the Rancho Potrero de Felipe Lugo as said line was surveyed by L. Seebold in August, 1874." If the Stevenson line is, for the purpose of this case, to be taken as the right line, then the judgment is correct; if the Seebold line is the right one, then the judgment is erroneous, at least as to a larger part of the land in controversy.

Defendant pleaded in bar, and mostly relies upon, a judgment rendered in the superior court in an action brought by defendant herein as plaintiff therein against the said John H. Temple, and designated in the superior court as Baldwin v. Temple, No. 5817. That action was brought to quiet title

to a piece of land which is described in the complaint therein as follows: "That certain tract of land bounded on the northerly side by the boundary line between the Rancho La Merced and the Rancho Potrero de Felipe Lugo, and on the westerly side by the road leading from the Old Mission San Gabriel to the schoolhouse known as the Temple schoolhouse, and on the easterly side by the San Gabriel River, and on the southerly side by the land heretofore occupied and used by one E. Bestwick, including within said boundaries ten acres of land, more or less, the same being located in the northwest corner of the said Rancho La Merced."

The defendant therein, Temple, answered denying the averments of the complaint, and also filed a cross-complaint in which he averred that he was the owner of a piece of land described as follows: "That certain tract of land situated in the township of El Monte, county of Los Angeles, state of California, and which is bounded on the northerly side by the road leading from the Old Mission San Gabriel to the schoolhouse known as the Temple schoolhouse, said road known as the Old Mission road, and on the easterly side by the western boundary of the Rancho Potrero de Felipe Lugo, said line was surveyed by L. Seebold in August, 1874; and on the southerly side by the San Gabriel River; and on the westerly side by the land heretofore occupied and used by E. Bestwick. Said tract described being a part of the John H. Temple homestead." He also averred in his cross-complaint that "said described tract is the same land described in plaintiff's complaint"; and in his answer to the cross-complaint Baldwin "admits that the land described and claimed by the plaintiff in his complaint in said action is the same land and premises described in the said cross-complaint of the defendant." That action was commenced on the fifteenth day of February, 1887, and judgment was rendered therein in favor of Baldwin on the twenty-eighth day of May, 1897. The judgment adjudicated that Baldwin was the owner and entitled to the possession of the land as described in the complaint, and also in the cross-complaint. At the time of the commencement of that action Baldwin was and had been the owner of the Rancho La Merced. At the commencement of that action he filed a *lis pendens,* which has been held to give constructive notice to and to bind the successors in

interest of said Temple, including the plaintiff herein. (See *McLean* v. *Baldwin,* 136 Cal. 565, [69 Pac. 259].)

Therefore the judgment in No. 5817 quieted Baldwin's title to a piece of land that was described as "bounded on the easterly side by the western boundary of the Rancho Potrero de Felipe Lugo as surveyed by L. Seebold in August, 1874." But after the entry of the judgment, which was not appealed from, Baldwin caused another line to be run by a surveyor named Stevenson—being the same hereinbefore mentioned— which was different from and easterly of the Seebold line, and which Baldwin claimed as the line between the two ranchos, and in accordance with which he was put into possession by the sheriff under a writ of possession. There was no warrant under the judgment for establishing the Stevenson line. In the case at bar the court finds the facts as to this line surveyed by Stevenson, but it is doubtful whether the findings expressly declare that the Stevenson line is the correct one, although by implication they seem to so declare, and other findings seem to assume such line as the correct one. However, the description of the land quieted to Baldwin in the case at bar adopts the descriptions in the judgment in said case No. 5817, which, of course, again describes Baldwin's land as bounded on the easterly side by "the western boundary of the Rancho Potrero de Felipe Lugo as said line was surveyed by L. Seebold in August, 1874." Defendants' counsel contend that, as the court found that plaintiff was not at the commencement of the action, "and is not now, the absolute nor exclusive owner in her own right as her separate property, nor the owner at all, of that certain property situate in the county of Los Angeles, state of California, and bounded and described in the first paragraph of her complaint, or any of said described property situated within the Rancho La Merced in said county," therefore she would not be aggrieved even though that part of the judgment which quiets certain described land to Baldwin be erroneous. But the very question whether the above finding against the plaintiff can be maintained depends upon the proper location of the disputed line between the two ranches.

Counsel for respondent seem at one place in their brief to intimate that the alleged Seebold line has no existence and is a "myth." But documentary evidence introduced at the

trial, and the testimony of witnesses, show that the Seebold line was a well-recognized line for many years. Moreover, in the case at bar the court finds that "the survey by Seebold was actually made by him on the ground in August, 1874, is the same survey referred to in the pleadings in the case No. 5817, and the Seebold line where it crossed the county road was indicated by a notch cut in the fence," and that the Stevenson line "was located upon the ground about five chains easterly from the line of the original survey by Seebold in August, 1874." There is no room therefore for ignoring the said Seebold line.

From the foregoing it seems clear that, upon the evidence and findings as they appear in the case at bar, the Seebold line should have been taken, for the purposes of this case, as the line establishing the boundary between the land of plaintiff and defendant; and that therefore the finding that the plaintiff is not the owner of any part of the premises described in the complaint is not sustained by the evidence and is contrary to the other findings. For this reason the judgment and order denying a new trial must be reversed. It may be noted that while the appeal from the judgment is expressed as an appeal from certain parts thereof, it is in substance an appeal from the whole judgment.

We cannot, upon the record as it stands, reverse the order of the court below refusing to render a new and different judgment, as set forth in transcript 5817. To do so would be for this court to make new findings. That order is therefore affirmed.

There are many things in the record which we have not noted, and which, under the above views, are not necessary to be noticed.

It is to be hoped that upon another trial the line between the parties may be definitely fixed, not merely by the name of the survey, but by an actual line traced on the ground, which will end all litigation upon the subject.

The judgment and order denying a new trial are reversed.

Henshaw, J., and Lorigan, J., concurred.