[Civ. No. 6597. First Appellate District, Division Two.—March 20, 1929.]

THORN KASHOW et al., Appellants, v. SYDNEY L. PLANT et al., Respondents.

Henry B. Lister for Appellants.

Johnson & Shaw and R. W. Palmer for Respondents.

NORTON, J., *pro tem.*—This is an action by the plaintiffs to quiet their title to a strip of submerged land under the waters of San Francisco Bay in the town of Tiburon, Marin County. It is a portion of a larger tract of submerged tide-lands and is a narrow parcel, seventy-five feet long and seventeen feet wide, upon which is located a wharf sixty-seven and one-half feet in length and eight feet in width extending into the waters of the bay from the shore to a point beyond the line of low tide.

The defendants are the owners of the upland adjoining the land which is the subject of this controversy.

In their answer to the complaint the defendants admit that the title to the strip is in respondents and set forth that they have acquired by prescription the following easements and riparian right in the land described in the complaint, viz., the right of fishery, a right of way over said land from the bay of San Francisco to their lands and the right of having the waters of the bay flow over the strip in question to defendants' lands.

A motion for new trial was made and denied, and the appeal is from the judgment.

In their opening and closing briefs the appellants state that they abandon their claim as to the right of fishery and to have the waters of the bay continue to flow over

defendants' land to their land. These questions therefore have become moot and need not be considered. ▮ The trial court found that the appellants had no right of way over the strip in question and this finding is supported by the evidence. Only two of the defendants were witnesses at the trial and they both testified that they claimed no interest in the land, but a right to use the wharf.

The evidence shows that the land is a submerged strip of land and that the only use that the defendants could make of it was in connection with the wharf. They used the wharf in common with many others as a landing place for their boats and to reach their boats from the shore and to pass over the wharf for that purpose, but there is no evidence to show that this use of the wharf was hostile or adverse to the respondents and not in subordination to respondents' title, and the burden of proving all the elements of a prescriptive title was upon the appellants. (*Allen* v. *Allen*, 159 Cal. 197 [113 Pac. 160]; *Reynolds* v. *Williard*, 80 Cal. 605 [22 Pac. 262].)

The judgment is ordered affirmed.

Sturtevant, J., and Koford, P. J., concurred.